The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STUC-O-FLEX INTERNATIONAL, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LOW AND BONAR, INC., a Delaware corporation; WALFLOR INDUSTRIES, INC., a Washington corporation; WATERWAY RAINSCREEN, LLC, a Washington limited liability company; JOHN URAL, an individual; MIKE CZERWINSKI, an individual; JIM HEWITT, an individual; and PACIFICWEST INDUSTRIES, INC., a Washington corporation,<br><br>Defendants. | No. 2:18-cv-01386-RAJ<br><br>**ORDER GRANTING MOTION TO REMAND** |

This matter is before the Court on Plaintiff's motion to remand. Dkt. # 50. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons stated below, Plaintiff's motion is **GRANTED**. Dkt. # 50.

ORDER-1

# I. BACKGROUND

The Court previously set forth the factual background of this case and will not repeat it in great detail here. *See* Dkt. # 48. Plaintiff initially brought this case in King County Superior Court, alleging breach of contract, tortious interference, trademark infringement, and Washington Consumer Protection Act claims. Dkt. # 1-1. After Plaintiff amended its complaint (Dkt. # 1-2) to include federal trademark claims, Defendants removed to this Court. Dkt. # 1. On October 11, 2018, Defendants moved to dismiss Plaintiff's breach of contract claim as to Defendant Low & Bonar and Plaintiff's tortious interference and alter ego/veil piercing claims as to all Defendants. Dkt. # 12. The Court granted the motion but gave Plaintiff fourteen days to file an amended complaint. Dkt. # 48. On October 10, 2019, Plaintiff amended its complaint and removed the Lanham Act claim. Dkt. # 49. Plaintiff also filed a motion to remand. Dkt. # 50.

# II. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *1 (W.D. Wash. July 27, 2016). District courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States" and causes of action that exceed an amount in controversy of $75,000.00 and where there is complete diversity between the parties. *See* 28 U.S.C. §§ 1331–1332. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from which it was originally removed. *See* 28 U.S.C. § 1447(c).

The parties do not dispute that diversity of citizenship does not exist in this case. Nor do the parties dispute that with the removal of Plaintiff's federal trademark claim, the case no longer raises a federal question under 28 U.S.C. § 1331. Defendants

nevertheless argue that this Court should exercise its discretion and retain supplemental jurisdiction over the state-law claims. *See* Dkt. # 52.

The Court has discretion when determining whether to remand a case to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). When making such a determination, the Court must consider the principles of economy, convenience, fairness, and comity. *Id*. at 357. "[I]n the usual case" the balance of factors will weigh toward remanding any remaining pendent state claims to state court. *Id*. at 350 n. 7.

Here, the principles of economy and comity are clearly served by remand. Plaintiff is asserting claims for breach of contract, tortious interference, state trademark violations, and violations of the Washington Consumer Protection Act – all governed by Washington law. A Washington state court will be more familiar with the state law governing Plaintiff's claims. Additionally, the Court has not invested substantial judicial time and resources into this action. The Court has entered only one substantive order in this action and a trial date has not been set. Indeed, the state court is equally, if not more familiar with the facts of this case as it was litigated in King County Superior Court for nearly a year before Defendants removed to this court and the state court heard argument on two previous summary judgment motions. These factors weigh in favor of remand.

Next, the Court must consider the interests of fairness. Here, the Court recognizes that Plaintiff's decision to eliminate its federal trademark claim is likely aimed at returning the case to state court. This evidence of forum shopping weighs against remand.

The final factor – convenience – is neutral. The parties in this case and their counsel are all located in Seattle. This weighs in favor of remand. However,

ORDER-3

Defendants argue that remand would be inconvenient because it would require Defendants to revise their summary judgment motions and re-file them in state court.[1]

On balance, the majority of factors weigh in favor of remand. Plaintiff's state law claims "substantially predominate" over this action and are more appropriately addressed in the state tribunal. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, the Court finds that exercising supplemental jurisdiction over Plaintiff's remaining state-law claims would be inappropriate.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. Dkt. # 50. This case is **REMANDED** to King County Superior Court. The Clerk of the Court is directed to transmit a copy of the file to King County Superior Court.

DATED this 24th day of March, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[1] The Court finds this argument somewhat disingenuous given that it appears Defendants' initial decision to remove this case to federal court had the same effect on three pending summary judgment motions in state court.

ORDER-4